Filed
1/13/2020 10:56 AM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Katherine Cavazos

CAUSE NO. __20-DCV-270288__

| | | |
|---|---|---|
| MAYANK PARIKH AND HIRAL PARIKH, | § § | IN THE JUDICIAL COURT OF |
| PLAINTIFFS, | § § | |
| V. | § § | FORT BEND COUNTY, TEXAS |
| AMGUARD INSURANCE COMPANY, | § § § | |
| DEFENDANT. | § § | Fort Bend County - 400th Judicial District Court _____ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Mayank Parikh and Hiral Parikh, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of AmGUARD Insurance Company ("AmGUARD") (or "Defendant") and for cause of action, Plaintiffs respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiffs, Mayank Parikh and Hiral Parikh, reside in Fort Bend County, Texas.

3. Defendant, AmGUARD Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon AmGUARD Insurance Company through its registered agent for service: **CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201**. Plaintiffs request service at this time.

## JURISDICTION

4. The Court has jurisdiction over AmGUARD because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of AmGUARD's business activities in the state, including those in Fort Bend County, Texas, with reference to this specific case.

## VENUE

5. Venue is proper in Fort Bend County, Texas because the insured property is located in Fort Bend County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Fort Bend County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6. Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiffs own an AmGUARD Insurance Company insurance policy, number MAHO958754 ("the Policy"). At all relevant times, Plaintiffs owned the insured premises located at 3 Millcroft Place Sugarland, Texas 77479 ("the Property").

8. AmGUARD or its agent sold the Policy, insuring the Property, to Plaintiffs. AmGUARD or its agent represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' home. AmGUARD has refused the full extent of that coverage currently owed to Plaintiffs.

9. On or about February 26, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Sugarland, Texas area.

10. In the aftermath of the wind and hailstorm, Plaintiffs submitted a claim to AmGUARD

against the Policy for damage to the Property. AmGUARD assigned claim number GHAG19020170 to Plaintiffs' claim.

11. Plaintiffs asked AmGUARD to cover the cost of damage to the Property pursuant to the Policy.

12. Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: bathroom hallway, hallway, upstairs walkway #1 and #2, game room and master bathroom.

13. AmGUARD assigned or hired Anthai Lac to adjust the claim.

    a. Lac had a vested interest in undervaluing the claims assigned to him by AmGUARD in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' Third-Party Adjuster's is evidence of fraud on the part of Lac. The valuation of damages that were included in Lac's report compared to Plaintiffs' Third-Party Adjuster's is also evidence of fraud on the part of Lac.

    b. Furthermore, Lac was aware of Plaintiffs' deductible before visiting the Property to conduct the inspection. Lac had advanced knowledge of the amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

    c. Lac made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property.

    d. Lac made further misrepresentations to Plaintiffs' during his inspection. Lac used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, there is no coverage allowed for the roofing portion as the damages were not storm related, the interior damage is less than the deductible and damage of a type not consistent with the type of claim that was made.

14. AmGUARD, through its agents, namely Lac, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

15. The initial adjustment of the claim occurred on or around March 6, 2019. Lac found that there was no damage to the roof of the property.

16. After application of the policy deductible, Plaintiffs were left without adequate recovery to complete proper repairs on Plaintiffs' home.

17. To date, Plaintiffs has received $0.00 for damage to Plaintiffs' Property. The damage to Plaintiffs' Property is currently estimated at $108,377.40.

18. Since due demand was made on November 13, 2019, AmGUARD has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

19. As stated above, Defendant failed to assess the claim thoroughly. Based upon Defendant's grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, AmGUARD failed to provide full coverage due under the Policy.

20. As a result of AmGUARD's failure to provide full coverage, along with AmGUARD's delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs have suffered damages.

21. AmGUARD failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, AmGUARD refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

22. Defendant's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between AmGUARD and Plaintiffs.

23. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendant has not attempted to settle Plaintiffs' claim in a fair manner, even though Defendant was aware of its liability to Plaintiffs under the Policy. Specifically, Defendant has failed to timely pay Plaintiffs' coverage due under the Policy.

24. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendant failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of the Policy.

25. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendant refused to provide full coverage due to Plaintiffs under the terms of the Policy. Specifically, AmGUARD, through its agents, servants, and representatives, namely Lac, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable

evaluation of Plaintiffs' losses on the Property.

26. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendant failed to reasonably accept or deny Plaintiffs' full claim within the statutorily mandated time after receiving all necessary information.

27. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendant has delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs has not received full payment for the claim.

28. Defendant's wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing Plaintiffs with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT AMGUARD INSURANCE COMPANY
## BREACH OF CONTRACT

29. All allegations above are incorporated herein.

30. AmGUARD is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between AmGUARD and Plaintiffs.

31. AmGUARD's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32. All allegations above are incorporated herein.

33. AmGUARD's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

34. AmGUARD's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35. AmGUARD's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36. AmGUARD's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37. AmGUARD's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38. AmGUARD's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

39. All allegations above are incorporated herein.

40. AmGUARD's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

41. AmGUARD's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

42. AmGUARD's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43. All allegations above are incorporated herein.

44. AmGUARD's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

45. AmGUARD's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, AmGUARD knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

46. All allegations above are incorporated herein.

47. AmGUARD's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are a consumer of goods and services provided by AmGUARD pursuant to the DTPA. Plaintiffs has met all conditions precedent to bringing this cause of action against AmGUARD. Specifically, AmGUARD's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, AmGUARD has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. AmGUARD's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

   B. AmGUARD represented to Plaintiffs that the Policy and AmGUARD's adjusting, and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

   C. AmGUARD also represented to Plaintiffs that the Policy and AmGUARD's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

   D. Furthermore, AmGUARD advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

    E.    AmGUARD breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

    F.    AmGUARD's actions are unconscionable in that AmGUARD took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. AmGUARD's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

    G.    AmGUARD's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48.    Each of the above-described acts, omissions, and failures of AmGUARD is a producing cause of Plaintiffs' damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

49.    All allegations above are incorporated herein.

50.    AmGUARD is liable to Plaintiffs for common-law fraud.

51.    Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and AmGUARD knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

52. AmGUARD made the statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

## KNOWLEDGE

53. Defendant made each of the acts described above, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

54. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

55. Since the claim was made, AmGUARD has not properly compensated Plaintiffs for all necessary repairs required, which are covered under the Policy. This has caused undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

56. Defendant made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations. Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiffs suffered damages as a result.

57. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and

conduct of Defendant has caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

58. For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, consequential damages, together with attorney's fees.

59. The damage to Plaintiffs' Property is currently estimated at $108,377.40.

60. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs asks for three (3) times Plaintiffs' actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

61. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

62. For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money AmGUARD owed, and exemplary damages.

63. Defendant's breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies

Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

64. For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65. For the prosecution and collection of this claim, Plaintiffs has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

66. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of over $200,000 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

67. Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

68. Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Fort Bend County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendant, AmGUARD Insurance Company, be cited and served to appear, and that upon trial hereof, Plaintiffs, Mayank Parikh and Hiral Parikh, have and recover from Defendant, AmGUARD Insurance Company, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs, Mayank Parikh and Hiral Parikh, may show Plaintiffs are justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM, PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Thomas J. Landry
Bar No. 24099161
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tlandry@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS